Filed 10/27/15  P. v. Weems CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063103 |
| v. | (Super.Ct.No. FSB1402664) |
| CURTIS WEEMS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed.

Frank J. Torrano, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Curtis Weems, Jr., was charged by information with assault with a deadly weapon.  (Pen. Code[1], § 245, subd. (a)(1), count 1.)  It was also alleged that defendant personally inflicted great bodily injury in the commission of the charged offense.  (§ 12022.7, subd. (a).)  A jury found defendant guilty of count 1, and found true the great bodily injury allegation.  A trial court sentenced defendant to the upper term of four years on count 1 and a consecutive three years on the great bodily injury enhancement.

Defendant filed a timely notice of appeal.  We affirm.

FACTUAL BACKGROUND

On May 31, 2014, Reginald Peralta and Philip Thompson were in the parking lot of Thompson's apartment complex.  Peralta noticed defendant, who was walking through the parking lot, cursing to himself.  Defendant was about 15 feet away from them, and he was holding a knife.  At that point, Thompson's neighbor (the neighbor) arrived and parked his car.  Thompson introduced the neighbor to Peralta, and they began talking.  Defendant approached the neighbor, with the knife in his hand, cursed at him, and told him he needed to leave.  The neighbor left, and defendant followed him.  The neighbor went into an area of the complex to get away from the situation.  Peralta told Thompson to go inside, since defendant had a knife.  Defendant then approached Peralta, and started cursing at him.  Defendant was wielding the knife, and told Peralta to "get the 'F' out of here."  Defendant said he was not "playing" and threatened to kill Peralta.  Defendant

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

looked angry and was waving the knife back and forth. Peralta told defendant he did not know him and told him to get away from him. Peralta said he did not want to have a confrontation, and that he was going to get in his car and leave. Peralta backed up toward his car, and defendant ran toward him and stabbed him in his right arm. Defendant stated again that he was "not F-ing playing," while yelling at Peralta. Peralta backed up and tried to get into his car, when defendant swung the knife at him again and stabbed him in the abdomen. Peralta eventually escaped from the parking lot. The police located defendant shortly after the incident. After waiving his *Miranda*[2] rights, defendant admitted to a police officer that he "stabbed somebody."

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the court erred in denying probation without expressly stating it had considered whether this was "an 'unusual case[] where the interests of justice would best be served if the person is granted probation' (§ 1203, subd. (e))"; and (2) whether the court erred in imposing the upper term on count 1, in light of defendant's war-time service in the United States Air Force, and his various problems, including post-traumatic stress disorder, disability, and anxiety. Counsel has also requested this court to undertake a review of the entire record.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.